UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                              Plaintiff,

      -against-

JJSL DEVELOPMENT, INC.,

                              Defendant.

------------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 21 2017 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER
14-CV-5353 (ENV)(PK)

VITALIANO, D.J.

On September 12, 2014, plaintiff American Empire Surplus Lines Insurance Company ("American Empire") brought this action against JJSL Development, Inc. ("JJSL"). *See* Dkt. No. 1 ("Compl."). American Empire's sole claim is that JJSL failed to pay a premium owed under a commercial general liability policy that American Empire issued to JJSL. Following more than one year of protracted discovery disputes arising from defendant's repeated and unapologetic failure to produce documents and respond to interrogatories, American Empire has moved pursuant to Federal Rule of Civil Procedure 37, to (1) strike JJSL's answer, (2) enter a default judgment against JJSL, and (3) award attorney's fees associated with defendant's discovery noncompliance. *See* Dkt. Nos. 16, 21, 22.

On March 28, 2016, plaintiff's Rule 37 motion was respectfully referred to Magistrate Judge Peggy Kuo to make a Report and Recommendation ("R&R"). Magistrate Judge Kuo's R&R issued on February 13, 2017, which recommended that the motion be granted in its entirety.



1

Dkt. No. 23 ("R&R"). The R&R gave notice that any objection had to be filed within 14 days of service.[1] The Court now adopts the R&R as the opinion of the Court.

## Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation, *Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (citation and internal quotations omitted), and "may adopt those portions of the [r]eport . . . which are not facially erroneous[,]" *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (citation omitted).

## Discussion

In this instance, no objection[2] has been filed by either party, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R as the opinion of the Court.

---

[1] That appropriate notice was given is confirmed by the docket. In addition to having been served via ECF, defendant received a copy of the R&R on or about February 14, 2017 by way of certified mail. *See* Dkt. No. 25.

[2] Indeed, at the last status conference, held on March 31, 2016, defense counsel represented that he did not oppose plaintiff's motion for sanctions, insofar as the motion did not seek sanctions against counsel *himself*. *See* 3/31/2016 Dkt. Entry. Based on the record, it appears that a large part of the noncompliance is rooted in the fact that counsel for defendant has simply been unable

Notwithstanding a defendant's default, judgment against that defendant may not enter unless the district court has found that the claim has been plausibly pleaded. *See J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) ("[B]efore a district court enters a default judgment, it must determine whether the allegations in [the] complaint establish the defendant's liability as a matter of law.") (alterations in original) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 Fed. App'x. 54, 56 (2d Cir. 2013)). The Court finds that American Empire has plausibly alleged that JJSL breached the commercial general liability insurance policy, under which American Empire provided liability insurance to JJSL from December 15, 2012 to December 15, 2013, when JJSL failed to pay the requisite premium, causing American Empire to suffer damages. Compl. at 2-5. Manifestly, the essential elements of a breach of contract claim have been plausibly pled. *See Wausau Bus. Ins. Co. v. Sentosa Care LLC*, 10 F. Supp. 3d 444, 454 (S.D.N.Y. 2014). This finding is made *nunc pro tunc* as of March 28, 2016, the date plaintiff's Rule 37 motion was referred to Magistrate Judge Kuo. Accordingly, default judgment shall enter in the amount of $156,542.86, the sum certain sought in the complaint.[3]

---

to procure documents from his client and, therefore, was unable to produce documents or fully answer interrogatories. *See* 12/11/2015 Dkt. Entry; Dkt. No. 18.

[3] Though there is no express finding in the R&R, it is clear from the pleadings that the plaintiff sued on this sum certain and that further inquest is unnecessary. *See* Compl. at 5 (plaintiff seeking $156,542.86 in damages); 3/31/2016 Minute Entry (Magistrate Judge Kuo referring to "the $156,542.86 judgment"). In any event, the Court is confident that the damages have been calculated with reasonable certainty. *See Credit Lyonnais Secs. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). American Empire has furnished a copy of the insurance policy, *see* Dkt. No. 16-11 at AE0001, and a copy of the audit endorsement forms, which document how American Empire computed the outstanding premium to be $150,812. *See* Dkt. No. 16-9 (audit summary); Dkt. No. 16-11 at A0116 (audit endorsement letter); *id.* at A0005 (setting out rate). Put simply, American Empire's premium was a straight forward calculation – 3.4% of JJSL's actual gross receipts for the policy period, combined with a New York Surplus Lines Tax of 3.6% ($5429.23) and a Stamping Fee of .2% ($301.63). *See* Dkt. No. 16 at 2-4; Dkt. No. 16-10; Dkt. No. 20 at 2.

## Conclusion

Pursuant to Federal Rule of Civil Procedure 37(b)(2), JJSL's answer is stricken, and the Court grants American Empire's motion for default judgment against JJSL in the amount of $156,542.86. The Court also grants American Empire's request for attorney's fees related to JJSL's noncompliance, in the amount of $12,349, as recommended by Magistrate Judge Kuo in her R&R. Damages are, therefore, awarded against JJSL in the amount of $168,891.86.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
March 17, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge